(169)          HAMTRAMCK *v.* THE BANK OF EDWARDSVILLE.

1. Where an act of a Legislature gives to individuals a corporate capacity upon the performance of certain acts, a person contracting with these individuals by their corporate name, is precluded from denying the performance of those acts which were necessary to give them a corporate existence.

2. The act of the State of Illinois, establishing a Bank at Edwardsville, does not give to its President and Directors the power of assigning notes made payable to themselves.

TOMPKINS, J., delivered the opinion of the Court.

This was an action of debt brought by the appellees, to the use of R. F. McKinny, against the appellant, on a promissory note. Judgment was given in Circuit Court for the plaintiffs, appellees here ; and from this judgment this appeal is taken. The bill of exceptions shows that, at the trial, the plaintiff gave in evidence the charter of the Bank of Edwardsville and the note declared on.

The defendant then moved the Court to decide that the plaintiffs could not recover, and this motion was overruled.

The defendant then proved that, before the bringing of this suit, the note declared on was assigned by the Cashier and President of the Bank of Edwardsville, to D. Prickett, by endorsements on the note. The plaintiffs offered to prove that the said note had, by D. Prickett, been assigned to A. Prickett, and by endorsement in blank of A. Prickett, had come into the hands of the present holder before the commencement of this suit, and that all of the assignments were, at the bar and before the trial, stricken out by the plaintiff's attorney; to all which the defendant objected, but he was overruled. It is contended by the appellant that the Court erred :

First. In overruling the motion of the defendant, that on the case made by the plaintiffs they had no right to recover.

Second. That the assignment of the note by the President and Cashier to D. Prickett, transferred the whole interest of the Bank in the note, and divested it of all right to sue; and that if the note did, by repeated assignments, come back to the payees, they must sue by their derivative title.

In support of the first point, it is insisted that the act of the Legislature given in (170) evidence, did not of itself give a corporate being to the President, Directors & Co. of the Bank of Edwardsville, but that its existence depended upon matter subsequent, and until the happening of such subsequent matter, there can be no such corporation, and no proof of the existence of those facts was offered.

The first section indicating the purpose of establishing a Bank is prospective, and says, "a Bank shall be established," &c., and contains a proviso that as soon as $50,000 shall be subscribed, and $10,000 paid, the corporation may commence business.

The third section provides that all those who shall become subscribers, shall be and they are hereby created and made a corporation, &c., and gives them a name, &c.

Hamtramck *v.* Bank of Edwardsville.

It appears very unreasonable that the appellant, after executing his promissory note to the President, Directors & Co. of the Bank of Edwardsville, should require the plaintiffs to prove that they had the right to use the name and claim the existence which the defendant himself, in executing his promissory note, had admitted. But why, it is asked, produce the charter at all, if the execution of the note is an admission of the existence of the corporation? Whether this Court would, without the production of the charter, permit the corporation to sue on a note executed to itself, is not now necessary to be decided, as the charter has been produced. But we are prepared to say that it is but reasonable that the execution of the note by the defendant, should be considered as an admission of the performance of all the acts required by law to be done by the plaintiffs, previous to the time of the commencement of the corporate power of the Bank. It might have been necessary to produce the charter to show the right of the corporation to maintain a suit or to take notes payable to itself.

Second. To decide whether the Bank should have sued in its character of payee or of assignee of the note, we do not think it necessary to examine all the arguments used, inasmuch as by the charter no power is given the President, Directors & Co. to assign notes executed to themselves. The object of the Legislature in creating this Bank seems to have been, to supply the country with a circulating medium of paper, or in the language of the act itself, of "bills obligatory and of credit," issued by such Bank and for such purpose, they are by the ninth section (referred to by the appellants) made assignable and negotiable. The power of assigning notes executed to the President, Directors & Co., is not given by the law, and not being at all ne- (171) cessary to them in the ordinary course of their business, it is not to be inferred that the law makers intended they should exercise such power.

The judgment of the Circuit Court is affirmed.